STATE OF ILLINOIS
FIFTEENTH JUDICIAL CIRCUIT
CARROLL COUNTY, ILLINOIS

| | |
|---|---|
| DOUGLAS MENNIE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: **2024LA1** |
| ANDERSEN WINDOWS, INC., and ANDERSEN CORPORATION, | ) ) ) |
| | ) Jury Trial Demanded |
| Serve  C T Corporation System | ) Clerk to Issue Summons |
| 208 So. LaSalle St., Ste. 814 | ) |
| Chicago, IL 60604-1101 | ) |
| Defendants. | ) |

## COMPLAINT AT LAW
**(Negligence)**

COMES NOW Plaintiff, DOUGLAS MENNIE, by and through his attorneys, and for his cause of action against Defendants, ANDERSEN WINDOWS, INC. and ANDERSEN CORPORATION, state as follows:

1. Plaintiff DOUGLAS MENNIE, at all times relevant, was a resident of Illinois.

2. Plaintiff DOUGLAS MENNIE, at all times relevant, owned a property and home located at 24-40 Carriage Hill Court, Lanark, Carroll County, Illinois ["Lanark home"].

3. Defendant ANDERSEN WINDOWS, INC., at all times relevant, was a corporation registered and doing business in Illinois. ANDERSEN WINDOWS, INC.'s agent for service is CT Corporation System, located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

4. Defendant ANDERSEN CORPORATION at all times relevant, was a corporation and the parent of ANDERSEN WINDOWS, INC.

**EXHIBIT A**

5. On or about October 1, 2010, Plaintiff DOUGLAS MENNIE ordered and purchased Andersen Windows from the Home Depot store, located at 825 East Dundee Road, Palatine, Illinois 60067.

6. The Andersen Windows ordered and purchased from Home Depot were shipped by ANDERSEN WINDOWS, INC. directly to Plaintiff, and the windows were installed in the Lanark home.

7. On and before October 1, 2010, Defendants ANDERSEN WINDOWS, INC. and ANDERSEN CORPORATION [collectively referred to herein as "ANDERSEN"], were engaged in designing, manufacturing, selling, wholesaling, retailing, distributing, and delivering various items for ultimate use by members of the general public in the State of Illinois, and such items included the casement windows of the kind installed in the Lanark home.

8. ANDERSEN had a duty to design, manufacture, sell, distribute, wholesale, deliver, and retail products, including casement windows, that were safe and would not cause harm to foreseeable users, including Plaintiff DOUGLAS MENNIE.

9. ANDERSEN had a duty to provide foreseeable users, including Plaintiff DOUGLAS MENNIE, with instructions concerning the proper assembly, use, operation, and maintenance of the casement windows.

10. ANDERSEN had a duty to warn foreseeable users, including Plaintiff DOUGLAS MENNIE, of the dangers associated with using and maintaining the casement windows.

11. On June 26, 2022, Plaintiff DOUGLAS MENNIE, was cleaning a casement window installed in the second story of the Lanark home.

12. Plaintiff DOUGLAS MENNIE was cleaning the window in a foreseeable manner intended by ANDERSEN.

13. While attempting to clean the window, the sash fell out of the frame and caused Plaintiff DOUGLAS MENNIE to fall out of the window and sustain injuries.

14. ANDERSEN casement window installed at the Lanark home was manufactured and delivered without safety features that would prevent the sash from falling out of position while being cleaned in one of the methods intended by ANDERSEN.

15. It was reasonably foreseeable that the casement window would or could cause injury to its intended users if the sash unexpectedly fell out of its frame while being cleaned or maintained.

16. Before delivering the window that was installed at the Lanark home, ANDERSEN, by and through agents and servants, carelessly and negligently did one or more of the following:

   a. Designed, and manufactured the casement window so that it was unsafe for its intended purpose;

   b. Failed to give adequate instructions as to the use, operation and maintenance of the casement window;

   c. Failed to give adequate warnings as to the dangers of the casement window;

   d. Failed to include adequate devices to secure the sash so that the window could not fall out of the frame while being used, cleaned or maintained;

   e. Failed to furnish adequate safety devices to prevent the sash from inadvertently falling from the frame while being used, maintained or cleaned; and/or

   f. ANDERSEN was otherwise negligent in the design and manufacture of the casement window.

17. As a direct and proximate result of one or more of the foregoing wrongful acts of ANDERSEN WINDOWS, INC. and ANDERSEN CORPORATION, the Plaintiff DOUGLAS MENNIE sustained severe and permanent injuries, and, as a result of those injuries, has suffered and will continue to suffer immobility and great pain, loss of enjoyment of life, mental anguish, disability, disfigurement and will be permanently hindered from attending to his activities of

daily living, and has been and will continue to be compelled to expend or become liable for bills for the care and treatment of his injuries.

Wherefore, Plaintiff DOUGLAS MENNIE, demands judgment against Defendants ANDERSEN WINDOWS, INC., and ANDERSEN CORPORATION, for a sum fair and reasonable under the circumstances, in excess of Fifty Thousand Dollars ($50,000.00), the jurisdictional minimum of the Court, with interest, together with his costs herein expended.

PLAINTIFF DEMANDS TRIAL BY JURY.

By: /s/ Ben Crane
Ben Crane, #6273651
Stephen Blecha
COPLAN & CRANE, LTD.
1111 Westgate Street
Oak Park, Illinois 60301-1007
(708) 358-8080 Telephone
(708) 358-8181 Facsimile
bcrane@coplancrane.com
sblecha@coplancrane.com

GROVES & POWERS, LLC.
Steven L. Groves, #6211737
Stephanie A. Black, #6308600
One U.S. Bank Plaza
505 North Seventh Street, #2010
St. Louis, Missouri 63101
(314) 696-2300 Telephone
(314) 696-2304 Facsimile
sgroves@grovespowers.com
sblack@grovespowers.com

STATE OF ILLINOIS
FIFTEENTH JUDICIAL CIRCUIT
CARROLL COUNTY, ILLINOIS

| | |
|---|---|
| DOUGLAS MENNIE,<br><br>    Plaintiff,<br><br>v.<br><br>ANDERSEN WINDOWS, INC., and<br>ANDERSEN CORPORATION, | )<br>)<br>)<br>)<br>)   Case No.:   **2024LA1**<br>)<br>)<br>)<br>) |

### AFFIDAVIT PURSUANT TO
### ILLINOIS SUPREME COURT RULE 222

I, Ben Crane, under oath and subject to the penalties of perjury, depose and state that the damages sought in this cause exceed the sum of FIFTY THOUSAND DOLLARS ($50,000.00). Pursuant to 735 ILCS 5/1-109, the undersigned certifies that the foregoing Affidavit is true and correct based upon the personal knowledge of the undersigned.

                                          Respectfully submitted,

                                          COPLAN & CRANE, LTD.

                                          By: /s/ Ben Crane

COPLAN & CRANE, LTD.
Attorneys for Plaintiff
1111 Westgate Street
Oak Park, Illinois 60301-1007
(708) 358-8080 (telephone)
(708) 358-8181 (facsimile)
Atty No. #6273651

THIS CASE IS SET FOR PROGRESS CALL BEFORE JUDGE Kane ON March THE 21 DAY OF 24
AT 1:5p M. FAILURE TO APPEAR MAY RESULT IN DISMISSAL OR DEFAULT. CASE PARTICIPANTS MAY APPEAR REMOTELY.
CLERK OF THE CIRCUIT COURT

5